# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-144-HES-PDB

DWAYNE COLEY  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Dwayne Coley is a 32-year-old inmate incarcerated at Edgefield FCI, serving a 70-month term of imprisonment for conspiracy to distribute 50 grams or more of methamphetamine (actual) and 400 grams or more of a mixture and substance containing fentanyl. (Doc. 37, Judgment).

---

[1] The Court assumes, for the sake of discussion, that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 23, 2025. Defendant seeks compassionate release because of the Covid-19 pandemic and because he claims to suffer from obesity (a body mass index of 32.1), hypertension, diabetes, and an unspecified breathing condition that leaves him short of breath. (Doc. 39, Motion for Compassionate Release). The United States has responded in opposition. (Doc. 40, Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is U.S.S.G. § 1B1.13, whose operative provisions, including its definition of "extraordinary and compelling reasons," still govern all motions filed under 18 U.S.C. § 3582(c)(1)(A) after the First Step Act. United States v. Bryant, No. 19–14267,

2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals observes, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), certain underlying conditions can increase the risk of severe illness from Covid-19.[2] The CDC categorizes these conditions depending on the strength of the evidence supporting an association with severe illness.[3] Hypertension falls into the lowest category, with only mixed evidence supporting a link with serious infection. Stronger evidence supports an association between severe illness and two of Defendant's other conditions: obesity and diabetes. However, with a BMI of 32.1, Defendant is only mildly obese. (Id.). Defendant also claims to

---

[2]    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]    https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

3

have an unspecified breathing condition for which he is prescribed an inhaler. But Defendant submits no medical records or other details about this alleged breathing condition. Without such evidence, the Court cannot discern what this condition is or how it might affect Defendant's risk from Covid-19. The lack of evidence matters because a movant under § 3582(c)(1)(A) has the burden of proof and persuasion. Heromin, 2019 WL 2411311, at *2. Moreover, the record reflects that Defendant's conditions are treated or managed with medication, including aspirin and lisinopril for blood pressure, glipizide and Metformin for diabetes, and two types of inhalers for his breathing condition. (Doc. 39-1, Medication Record). Defendant is relatively young at 32 years old, which lessens his risk of severe illness from Covid-19.

Furthermore, Defendant was offered the first dose of the Pfizer Covid-19 vaccine on March 11, 2021, but he refused it. (Doc. 40-1, Vaccine Record). It is incongruous for a convicted felon to try to use Covid-19 to be released early from their lawful sentence yet reject the vaccine. United States v. Sequen Rodriguez, No. 3:17-cr-20-HLA-JBT, Dkt. 52 at 3 (M.D. Fla. Apr. 23, 2021).

> Courts have recognized—without apparent exception—that a defendant's refusal to be vaccinated substantially diminishes any argument for release premised on the risk posed by COVID-19. See, e.g., United States v. Lohmeier, No. 12-cr-1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021). While [Defendant] has the right to make his own healthcare decisions, because he "declined the opportunity to reduce his risk exposure to COVID-19 dramatically[,] he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." Id.

4

United States v. Piles, No. CR 19-292-5 (JDB), 2021 WL 1198019, at *3 (D.D.C. Mar. 30, 2021) (footnotes omitted).[4] Upon review of Defendant's Motion and arguments, he has not satisfied the criteria for establishing "extraordinary and compelling" circumstances. U.S.S.G. § 1B1.13, cmt. 1.[5]

Finally, and in any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Defendant was responsible for 2.5 kilograms of methamphetamine (actual), and more alarming, 8.2 kilograms of fentanyl, a lethal synthetic opioid. (Doc. 34, PSR at ¶ 29). He has served only a fraction of his 70-month term of imprisonment. In view of all the § 3553(a) factors, reducing Defendant's prison sentence is not warranted at this time. Therefore, Defendant's Motion for Compassionate Release (Doc. 39) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2021.

HARVEY E. SCHLESINGER
United States District Judge

---

[4] There is no evidence Defendant had a bona fide reason for rejecting the vaccine, such as a medical exemption.

[5] Although the Eleventh Circuit Court of Appeals has held that U.S.S.G. § 1B1.13 is still an applicable policy statement for all motions under § 3582(c)(1)(A), Bryant, 2021 WL 1827158, at *2, the Court recognizes that other circuits have reached a different conclusion, see, e.g., United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (collecting cases). The Court's decision does not depend on the ultimate resolution of this issue because it would reach the same conclusion if it had discretion not to follow the policy statement.

lc 19

Copies:
Counsel of record
Defendant